STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Watker, et al.　　}
　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}　Docket No. 143-9-01 Vtec
　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}

Decision and Order on Appellee-Applicant's Motion for Summary Judgment

Appellants appealed from a decision of the Development Review Board (DRB) of the City of
Barre, granting resubdivision approval to Appellee-Applicant Fecteau Residential Homes, Inc.
Appellants are represented by L. Brooke Dingledine, Esq.; Appellee-Applicant is represented by
John F. Nicholls, Esq.; the City is represented by Oliver L. Twombly, Esq. The Court issued a
scheduling order setting November 20, 2001 as the date for an motions to be filed; December 4,
2001 as the date for any response; and December 11, 2001 as the date for any reply. Appellee-
Applicant moved for summary judgment; Appellants' response was not filed by December 4,
2001, and Appellee-Applicant requests a ruling.

The following facts are undisputed unless otherwise noted. Appellee-Applicant owns Lot 8 of the
former Charron subdivision on Elliott Street. Appellee-Applicant proposed to resubdivide that lot
into four smaller lots, with a single-family residence served by municipal sewer and water to be
built on each lot. The City requested that Appellee-Applicant extend Elliott Street to create a
turnaround for snow plows, rather than to create the cul-de-sac otherwise required by the
Subdivision Regulations. The DRB approved the subdivision as a minor subdivision, conditioned
upon submittal of verification of Act 250 requirements to the Zoning Administrator.

Question 1 of the Statement of Questions

The purpose statement of zoning or subdivision regulations is not independently enforceable; it
must be carried out through the regulatory provisions of the regulations. Accordingly, summary
judgment is entered on this question in favor of Appellee-Applicant. Moreover, even if this
question had raised a question of fact for the hearing rather than a question of law, Appellants
have not come forward with any disputed material facts with regard to this question.

Question 2 of the Statement of Questions

If Appellee-Applicant undertook grading, clearing, construction or other [site] improvement,
such activity might well violate § 21-21 of the Subdivision Regulations and provide the basis for
an enforcement action. However, no provision in the Regulations allows a permit application to
be held up pending such an enforcement action. Compare 10 V.S.A. § 8011. Accordingly,
summary judgment is entered on this question in favor of Appellee-Applicant. Moreover, even if
this question had raised a question of fact for the hearing rather than a question of law,
Appellants have not come forward with any disputed material facts with regard to this question.

Questions 3 & 4 of the Statement of Questions

Appellants raise the question of whether this subdivision should have been classified as major rather than minor. Both major and minor subdivisions must meet the definitional requirements that they not adversely affect adjoining property and that they not conflict with the Master Plan, Zoning Ordinance, Capital Budget and Plan, Official Map, or Zoning Regulations. A subdivision is minor if it contains no more than four lots and does not require a new street or the extension of municipal improvements. This subdivision contains no more than four lots. All four lots have access to the existing Elliott Street; therefore it does not require a new street. The snowplow turnaround extension will be done at the expense of Appellee-Applicant and is not required for the subdivision or for the safety, health or welfare of the public. Rather, it is an improvement requested by the City for the convenience of its snow plowing trucks. Accordingly, summary judgment is entered on this question in favor of Appellee-Applicant.

Question 5 of the Statement of Questions

Section 21-37(d) of the Subdivision Regulations requires Appellee-Applicant to apply for all municipal and state permits required of the subdivision, and to submit copies of those applications to the now-DRB. There is no requirement that such applications be submitted in advance of the subdivision application. Further, an applicant is not required to submit proof if such a municipal or state permit is not required for the subdivision. In the present case, Appellee-Applicant was not required to apply for an Act 250 permit and the subdivision application could proceed in the absence of such an application. However, the DRB required verification (presumably, that no such permit was required) from the Act 250 program to be submitted to the Zoning Administrator. Such verification may be a prudent step for a municipality to take; it does not invalidate the application. Similarly, the DRB found that Class III wetlands existed on the property, there was no showing that a state or federal wetlands permit was required. Accordingly, summary judgment is entered on this question in favor of Appellee-Applicant. Moreover, even if this question had raised questions of fact for the hearing rather than a question of law, Appellants have not come forward with any disputed material facts with regard to this question.

Question 6 of the Statement of Questions

The notice required to be sent under § 21-37(e) to adjoining landowners and to the Regional Planning Commission appears to have been sent and published as required. Accordingly, summary judgment is entered on this question in favor of Appellee-Applicant. Moreover, Appellants have not come forward with any disputed material facts with regard to this question.

Question 7 of the Statement of Questions

While this question would ordinarily raise a question of fact for the hearing rather than a question of law; Appellants have not come forward with any disputed material facts with regard to this question. Accordingly, summary judgment on it must be entered in favor of Appellee-Applicant.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant' s Motion for Summary Judgment is GRANTED, thereby concluding this appeal.

Done at Barre, Vermont, this 12th day of December, 2001.


_____
Merideth Wright
Environmental Judge